IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00511-WYD-KLM

EUSTAQUIO CONCHAS-BUSTOS,

    Plaintiff,

v.

MATTHEW COLE, individually and in his capacity as a Detective with the City of Golden,
GOLDEN POLICE DEPARTMENT, City of Golden, Colorado,
ROBERT DONALD, an individual, and
TMAAT DENVER METRO, LLC, doing business as Two Men and a Trunk,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants Matthew Cole's and Golden Police Department, City of Golden's <u>Unopposed</u> Motion to Stay Discovery Pending a Qualified Immunity Determination** [#34][1] (the "Motion").

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was

---

[1] "[#34]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).  Further, in his pending Motion to Dismiss [#30], Defendant Cole asserts that he is entitled to qualified immunity with regard to Plaintiff's constitutional claims.  *See Defendants Matthew Cole's and Golden Police Department, City of Golden's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)* [#30] at 17-18. Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted).  Immunity questions should be resolved at the earliest possible stage of the litigation, thereby avoiding many of the associated burdens and costs.  *Albright v.*

*Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would apparently not prejudice Plaintiff, as he does not oppose the Motion. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay. With regard to the second factor, it appears Defendants will not be burdened by a stay because two of them are seeking the stay and the non-moving Defendant who has responded to the Complaint, Robert Donald, does not oppose the stay. *Motion* [#34] at 1-2. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear that the case will move forward. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

IT IS HEREBY **ORDERED** that the Motion [#34] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of Defendant Robert Donald's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#28] and Defendants Matthew Cole's and Golden Police Department, City of Golden's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) [#30].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for July 1, 2015 at 10:30 a.m. is **VACATED**.  The Court will reset the Scheduling Conference, if necessary, after resolution of the pending motions to dismiss [##28, 30].

Dated:  June 12, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge